UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CRYSTAL ROSENBERG, *et al.*,

      Plaintiffs,

                                 Civil Action 2:13-cv-651
     v.                         Judge Michael H. Watson
                                 Magistrate Judge Elizabeth P. Deavers

ABF FREIGHT SYSTEM, INC., *et al.*,

      Defendants.

**<u>REPORT AND RECOMMENDATION</u>**

Plaintiffs, Crystal and Aaron Rosenberg (the "Rosenbergs"), bring this state-law tort action against Defendants, ABF Freight System, Inc. ("ABF"); Arkansas Best Corporation; MoveBuilder, Inc. ("MoveBuilder"); Moving Solutions, Inc.; Access Gentle Moving Corporation ("Access"), Todd M. Brenden ("Brenden"), John Does Numbers 1-15; and XYZ Corporations Numbers 1-10.  (Pl.'s First. Am. Compl., ECF No. 27.)  Plaintiff advances various state-law claims arising from an accidental injury Ms. Rosenburg sustained while unloading boxes from a moving trailer.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, the federal statute governing diversity jurisdiction.  This matter is before the United States Magistrate Judge for a Report and Recommendation on the Motion of Defendants Access and Brenden to Dismiss for Lack of Personal Jurisdiction Pursuant to Federal Rule of Civil Procedure 12(b)(2) (ECF No. 14), Plaintiff's Memorandum in Opposition (ECF No. 36), Defendant ABF's Memorandum in Opposition (ECF No. 37), and Defendants Access and Brenden's Reply (ECF No. 38).  For the reasons follow, it is **RECOMMENDED** that the

Motion to Dismiss of Defendants Access and Brenden be **GRANTED**.

**I.**

For purposes of resolving the subject Motion, the parties do not dispute the essential

facts.  The parties do, however, dispute the legal significance of these facts.

The Rosenbergs retained MoveBuilder in connection with their move from the State of

Washington to the State of Ohio.  MoveBuilder, in turn, contacted and hired Access to provide

labor to load the Rosenbergs' personal belongings from their house in Washington into a moving

trailer belonging to ABF, which was parked at or near the Rosenbergs' home.  On July 13, 2011,

Defendant Brenden and the only other Access employee loaded the Rosenbergs' belongings in

Edmonds, Washington, onto a moving trailer belonging to Defendant ABF.  Aside from loading

their belongings onto a truck owned by ABF on July 13, 2011, Access had no other affiliation

with the Rosenbergs.  The Rosenbergs allege that on July 25, 2011, Ms. Rosenberg was injured

in Knox County, Ohio, when items in the moving trailer shifted or fell while she was standing

inside.  Thereafter, the Rosenbergs filed the instant action.

Defendant Brenden submitted an affidavit in support of his Motion to Dismiss for Lack

of Personal Jurisdiction.  (ECF No. 15.)  In his affidavit, he states that Defendant Access is an S-

Corporation incorporated in the State of Washington with its principal place of business in

Washington and that he is the sole owner and operator of Access.  He characterizes Access as an

"intra-state moving company."  (*Id*. at ¶ 2.)  In support of this characterization, Brenden makes

the following representations:  Access's common carrier certification is for the State of

Washington; 100% of its gross revenue is attributable to services performed in the State of

Washington; during the operative time period, Access had two employees, both of whom were

2

Washington citizens; Access does not have an office, license to conduct business, or bank account in the State of Ohio; and Access does not direct its marketing efforts toward the State of Ohio. (*Id*. at ¶¶ 8–13.  Brenden and Access maintain that under these circumstances, the Rosenbergs cannot satisfy their burden to make a *prima facie* showing of personal jurisdiction.

The Rosenbergs and ABF oppose the subject Motion to Dismiss.  The Rosenbergs maintain that personal jurisdiction is proper because Access and Brenden have sufficient minimum contacts with Ohio so as not to offend traditional notions of fair play and substantial justice.  With the exception of Brenden's characterization of Access as an "intrastate" company, the Rosenbergs do not dispute the facts offered in his affidavit.  Instead, the Rosenbergs emphasize other facts in the record.  Specifically, the Rosenbergs point out that on Access's website, it makes the following statement: "Local, long-distance or international, Access Gentle Moving is your access to excellence."  (Pls.' Mem. in Opp. 2, ECF No. 36 (citing Brenden Dep. at p. 91–92, ECF No. 31).)  The Rosenbergs emphasize that Brenden had reached out to MoveBuilder in 2010 with the purpose of generating more loading and unloading business for Access.  (*Id*. (citing Brenden Dep. at p. 45–49, ECF No. 30).)  The Rosenbergs also emphasize Brenden's testimony that approximately half of his loading work was attributable to ABF or MoveBuilder and that he was aware that these entities were interstate movers.  (*Id*. (citing Brenden Dep. at p. 67–68, ECF No. 30).)  Finally, the Rosenburgs point out that Brenden acknowledged that individuals may not learn about damage that occurred during loading until they unpack and that Brenden signed two service receipts in connection with loading the Rosenbergs belongings, both of which identified the ultimate destination of the Rosenberg's belongings in the right-hand corner.  (*Id*. (citing Brenden Dep. at p. 104–05, 124–25, and Dep.

3

Exhibits. 5 and 6, ECF No. 34).)

ABF also opposes Brenden and Access's Motion to Dismiss.  (ECF No. 37.)  ABF essentially echos the arguments the Rosenbergs advanced.  ABF emphasizes the following undisputed facts:  Access obtained repeated work from ABF and MoveBuilder that involved loading personal belongings onto trailers that it knew would be transported outside the State of Washington; based upon the service receipts, Access and Brenden knew that the Rosenbergs were moving to Ohio; and Access knew that the consequence of any negligent loading would not be discovered until the personal belongings arrived at their final destination.

## II.

Defendants Access and Brenden seek dismissal pursuant to Federal Rule of Civil Procedure 12(b)(2).  When confronted with a Rule 12(b)(2) motion, "[t]he plaintiff bears the burden of establishing the existence of jurisdiction."  *Estate of Thompson v. Toyota Motor Corp. Worldwide*, 545 F.3d 357, 360 (6th Cir. 2008) (citing *Brunner v. Hampson*, 441 F.3d 457, 462 (6th Cir. 2006)); *Conn v. Zakharov*, 667 F.3d 705, 711 (6th Cir. 2012) ("The plaintiff bears the burden of establishing through 'specific facts' that personal jurisdiction exists over the non-resident defendant . . . .").  If the Court rules on a Rule 12(b)(2) motion prior to trial "it has the discretion to adopt any of the following courses of action: (1) determine the motions based on affidavits alone; (2) permit discovery, which would aid in resolution of the motion; or (3) conduct an evidentiary hearing on the merits of the motion."  *Intera Corp. v. Henderson*, 428 F.3d 605, 614 n.7 (6th Cir. 2005) (quoting *Serras v. First Tenn. Bank Nat'l Ass'n*, 875 F.2d 1212, 1214 (6th Cir.1989)).  When a court resolves a Rule 12(b)(2) based on "written submission and affidavits . . . rather than resolving the motion after an evidentiary hearing or limited

4

discovery, the burden on the plaintiff is 'relatively slight,' . . . and 'the plaintiff must make only a *prima facie* showing that personal jurisdiction exists in order to defeat dismissal.'" *Air Prod. & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 549 (6th Cir. 2007) (quoting *Am. Greetings Corp. v. Cohn*, 839 F.2d 1164, 1169 (6th Cir. 1988)).  Similarly, even if there has been discovery, in the absence of an evidentiary hearing, a court will generally apply a *prima facie* standard weighing the evidence in the light most favorable to the plaintiffs.  *Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1272 (6th Cir. 1998).  The *prima facie* standard "loses some of its significance, however, where . . . the plaintiff has received all of the discovery it sought with respect to personal jurisdiction and there does not appear to be any real dispute over the facts relating to jurisdiction."  *Int'l Tech. Consultants, Inc. v. Euroglas S.A.*, 107 F.3d 386, 391 (6th Cir. 1997); *see also Dean*, 134 F.3d at 1272 ("[W]e would not use [the *prima facie*] standard if the reason for not having an evidentiary hearing was that there was no 'real dispute' as to the facts or to the extent of discovery.").

"Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons."  *Daimler AG v. Bauman*, 134 S.Ct. 746, 753 (2014) (citing Fed. Rule Civ. Proc. 4(k)(1)(A)).  Because "'Ohio's long-arm statute is not coterminous with federal constitutional limits,'" to establish a *prima facie* case of personal jurisdiction, a plaintiff must demonstrate that (1) Ohio's long-arm statute has been satisfied and (2) exercising jurisdiction would comport with the Due Process Clause of the Fourteenth Amendment.  *Schneider v. Hardesty*, 669 F.3d 693, 700 (6th Cir. 2012) (quoting *Estate of Thompson*, 545 F.3d at 361)); *Conn*, 667 F.3d at 712 ("Unlike other jurisdictions, Ohio does not have a long-arm statute that reaches to the limits of the Due Process Clause, and the analysis of Ohio's long-arm statute is a particularized inquiry

wholly separate from the analysis of Federal Due Process law."); *Kauffman Racing Equip., LLC v. Roberts*, 126 Ohio St. 3d 81, 85 (2010) (setting forth the following two-step jurisdictional analysis: "(1) whether the long-arm statute and the applicable rule of civil procedure confer jurisdiction, and if so, (2) whether the exercise of jurisdiction would deprive the nonresident defendant of the right to due process of law").  In *Conn*, the United States Court of Appeals for the Sixth Circuit acknowledged that "courts within the Sixth Circuit have come to inconsistent, and in some cases directly contradictory, conclusions on whether Ohio law recognizes general jurisdiction."  667 F.3d at 717.  Citing *Kauffman Racing*, the *Conn* Court resolved this debate, holding that "it is clear that under Ohio law, a court may exercise personal jurisdiction over a non-resident defendant only if specific jurisdiction can be found under one of the enumerated bases in Ohio's long-arm statute."  *Id*. at 717–18 (citing *Kauffman Racing*, 930 N.E.2d at 790). Consistently, the Ohio Supreme Court recently employed this two-step process, first analyzing whether the out-of-state defendant's conduct fell within one of the listed bases in Ohio Revised Code § 2307.382.  *Fraley v. Estate of Oeding*, --- N.E.3d ----, No. 2012-1194, 2014 WL 553203, at *3–5 (Ohio 2014).

### III.

The foregoing authority prompts this Court to first analyze whether the requirements of Ohio's long-arm statute are satisfied before separately considering whether this Court's exercise of jurisdiction would comport with due process.  *Schneider*, 669 F.3d at 699; *Conn*, 667 F.3d at 712.

"Ohio's long-arm statute grants Ohio courts personal jurisdiction over a non-resident if his conduct falls within the nine bases for jurisdiction listed by the statute."  *Conn*, 667 F.3d at

712. Ohio's long-arm statute provides as follows:

(A)     A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:

      (1)     Transacting any business in this state;

      (2)     Contracting to supply services or goods in this state;

      (3)     Causing tortious injury by an act or omission in this state;

      (4)     Causing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;

      (5)     Causing injury in this state to any person by breach of warranty expressly or impliedly made in the sale of goods outside this state when he might reasonably have expected such person to use, consume, or be affected by the goods in this state, provided that he also regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;

      (6)     Causing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when he might reasonably have expected that some person would be injured thereby in this state;

      (7)     Causing tortious injury to any person by a criminal act, any element of which takes place in this state, which he commits or in the commission of which he is guilty of complicity.

      (8)     Having an interest in, using, or possessing real property in this state;

      (9)     Contracting to insure any person, property, or risk located within this state at the time of contracting.

(B)     For purposes of this section, a person who enters into an agreement, as a principal, with a sales representative for the solicitation of orders in this state is transacting business in this state. As used in this division, "principal" and "sales representative" have the same meanings as in section 1335.11 of the Revised Code.

> (C)     When jurisdiction over a person is based solely upon this section, only a cause of action arising from acts enumerated in this section may be asserted against him.

Ohio Rev. Code § 2307.382.

Neither the Rosenbergs nor ABF discuss whether the conduct of Defendants Brenden and Access fell within one of the nine bases for jurisdiction listed by the statute.[1]  The Undersigned concludes it does not.  Subsections five through nine clearly do not apply to the circumstances presented in this action.  The second and third subsections likewise do not apply given the absence of any evidence suggesting that Defendants Access or Brenden contracted to perform services in Ohio and that the parties agree that conduct giving rise to this action occurred in the State of Washington.  The Court analyzes the second and fourth subsections in turn as these bases for jurisdiction appear to align most closely with the arguments the Rosenbergs and ABF advance in an effort to satisfy their burden to establish a *prima facie* case of personal jurisdiction.

## A.     "Transacting Any Business" Subsection, Section 2307.382(A)(1)

With regard to the first subsection under Ohio's long-arm statute, the Ohio Supreme Court has advised as follows: "The term 'transact' as utilized in the phrase '[t]ransacting any business' encompasses 'to carry on business' and 'to have dealings,' and is 'broader . . . than the word 'contract.'"  *Goldstein v. Christiansen*, 70 Ohio St.3d 232, 236 (1994) (quoting *Kentucky*

---

[1]Instead, the Rosenbergs and ABF focus their briefing on whether the minimum contacts test for establishing personal jurisdiction under the due process clause is satisfied either through general or specific jurisdiction.  The Rosenbergs and ABF generally argue that Ohio's exercise of personal jurisdiction over Defendants Brenden and Access is appropriate because they could have reasonably anticipated that Access could have been subjected to suit in Ohio, the operative facts are related to Access' contacts with Ohio, and it would be burdensome for the Rosenbergs to travel to Washington to pursue litigation.

*Oaks Mall Co. v. Mitchell's Formal Wear, Inc*., 53 Ohio St.3d 73, 75 (1990)).  Although this provision is broadly worded, "the mere existence of a contract or the mere solicitation of business in Ohio is insufficient to confer jurisdiction under [S]ection (A)(1)."  *Specialized Machinery Hauling & Rigging, LLC, v. D & L Transport, LLC*, No. 3:08-cv-445, 2009 WL 1045908, at *5 (S.D. Ohio Apr. 20, 2009) (citing *Burnshire Dev., LLC v. Cliffs Reduced Iron Corp.*, 198 F. A'ppx 425, 431–32 (6th Cir. 2006)).  Rather, "[t]here must be ongoing, substantive contacts."  *Id*; *Miami Valley Fair Housing Center, Inc. v. Steinder & Assoc.*, No. 3:08-cv-150, 2012 WL 5830252, at *8 (S.D. Ohio Nov. 16, 2012).  In addition, Courts analyzing whether a non-resident defendant "transacted business" within the meaning of Ohio's long-arm statute consider (1) whether the non-resident defendant "reached out to the plaintiff in Ohio to create a business relationship"; and (2) whether the parties conducted their negotiations or discussions in Ohio or with terms affecting Ohio.  *Specialized Machinery Hauling & Rigging,* 2009 WL 1045908 at *6 (citations omitted); *Miami Valley Fair Housing Center*, 2012 WL 5830252 at *8 (collecting cases applying these two factors).

Applying these considerations here, the Undersigned concludes that Subsection (A)(1) does not provide jurisdiction over Defendants Brenden and Access.  Defendants Brenden and Access did not initiate negotiations with the Rosenbergs.  Rather, ABF contacted Access, and any discussions occurred in the State of Washington.  Even if the Court assumes, *arguendo*, that the Rosenbergs have demonstrated that Brenden or Access "transacted business" in Ohio, the inquiry does not end because Section (A)(1) is only satisfied where the cause of action "arises from" the alleged contacts with Ohio.  *Miami Valley*, 2012 WL 5830252 at *9; Ohio Rev. Code § 2307.382(C) ("When jurisdiction over a person is based solely upon this section, only a cause

9

of action arising from acts enumerated in this section may be asserted against him.").  The Rosenbergs fail to identify any evidence that could support a finding that the alleged injury arose from Defendants Brenden or Access's alleged contacts with Ohio.  Instead, the Rosenbergs assert that their cause of action "arises from" Defendants Brenden or Access's activities because "but for Access' loading of the Rosenberg trailer, arguably, Plaintiff's injury never would have occurred."  (Pls.' Mem. in Opp. 7–8, ECF No. 36.)  This assertion reflects the Rosenbergs' collapsing of the two-step process into a single constitutional due process inquiry.  *Cf. Burnshire*, 198 F. App'x at 430 ("One distinction between the long-arm statute and the United States Constitution is rooted in the 'arising from' clause of § 2307.382(C), which requires that the defendant's actions in the state must be the proximate cause of the injury complained of; a 'but-for' relationship is insufficient under Ohio law, though the latter standard satisfies the Constitution."); *Matthews v. Kerzner Inter. Ltd.*, No. 1:11-cv-417, 2011 WL 4071850, at *3 (N.D. Ohio Sept. 8, 2011) ("For Ohio R.C. § 2307.382(A)(1) to confer jurisdiction, the cause of action must arise from a transaction of business in the State of Ohio.  The Sixth Circuit has held that 'arising from' 'requires a "proximate cause" relationship between a plaintiff's personal injury claim and the defendant's conduct in Ohio.'" (quoting *Brunner v. Hampson*, 441 F.3d 457, 466 (6th Cir. 2006)).

## B.      Section 2307.382(A)(4)

The Rosenbergs have also failed to make a *prima facie* showing that this Court's exercise of jurisdiction over Defendants Brenden and Access would satisfy the fourth subsection of Ohio's long-arm statute.  Specifically, the Rosenbergs have failed to offer evidence that Defendants Brenden or Access "regularly conducted or solicited business, engaged in any other

persistent course of conduct, or derived substantial revenue from . . . service rendered in Ohio, so as to establish jurisdiction under § 2307.382(A)(4)." *Buckeye Check Cashing of Ariz., Inc. v. Lang*, No. 2:06-cv-792, 2007 WL 641824, at *10 (S.D. Ohio Feb. 23, 2007).  It is not enough that Brenden and Access knew that the Rosenbergs were headed to Ohio.  *See Reynolds v. Int'l Amateur Athletic Fed.*, 23 F.3d 1110, 1118–19 (6th Cir. 1994) (finding that the fourth subsection of Ohio's long-arm statute is not satisfied simply because the plaintiff resided in Ohio, explaining that the plaintiff's "Ohio residence is merely fortuitous and 'unilateral activity of [the plaintiff] is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum State to justify an assertion of jurisdiction.'" (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 417 (1984)).

The statement on Defendant Access's website that "Local, long-distance or international, Access Gentle Moving is your access to excellence," alone, likewise does not satisfy Section (A)(4).  *Cf. Filtrexx Intern ., LLC v. Truelson*, No. 5:12-cv-58, 2013 WL 587582, at *12 (N.D. Ohio Feb. 13, 2013) ("Defendants' advertisement in a national trade journal, taken alone, does not rise to the level of purposeful availment in Ohio."); *Bridgeport Music, Inc. v. Still N the Water Publ'g*, 327 F.3d 472, 481 n. 10 (6th Cir. 2003) (declining to determine whether "nationwide advertising is sufficient for a finding of purposeful availment," but noting that other circuits have found it insufficient).

In sum, the Undersigned finds that the Rosenbergs have failed to satisfy their burden to demonstrate that jurisdiction is proper under Ohio's long-arm statute.  It is therefore unnecessary to proceed to the second step to analyze whether jurisdiction is proper under the Due Process Clause.  *See Conn*, 667 F.3d at 711–12 ("Of course, if jurisdiction is not proper under the Due

11

Process Clause it is unnecessary to analyze jurisdiction under the state long-arm statute, and vice-versa.").

## IV.

For the reasons set forth above, it is **RECOMMENDED** that the Motion to Dismiss of Defendants Access and Brenden be **GRANTED**.  (ECF No. 14.)

## <u>PROCEDURE ON OBJECTIONS</u>

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to

specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).


Date:  March 6, 2014                                    /s/ *Elizabeth A. Preston Deavers*
                                                        Elizabeth A. Preston Deavers
                                                        United States Magistrate Judge